```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

DANNY LEE HARRIS,              )
                               )
         Plaintiff,            )
                               )
v.                             )   Case No. CIV-16-159-RAW-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
         Defendant.            )

### REPORT AND RECOMMENDATION

Plaintiff Danny Lee Harris (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 31 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a day laborer, janitorial housekeeper, and stocker. Claimant alleges an inability to work beginning November 15, 2009 due to limitations resulting from degenerative disc disease in the cervical and lumbar spines and back and neck problems.

**Procedural History**

On August 24, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on September 10, 2012, he filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 2, 2014, Administrative Law Judge ("ALJ") Frederick Gatzke conducted an administrative hearing in McAlester, Oklahoma. On September 16, 2014, the ALJ issued an unfavorable decision. On March 23, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than the full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to find Claimant met or equaled a listing at step three; (2) failing to base his decision on substantial evidence; (3) failing to give the appropriate weight to the opinion of Claimant's treating physician;

4

and (4) performing a faulty credibility determination.

## Step Three Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative changes of the cervical and lumbar spines and obesity. (Tr. 18). The ALJ concluded that Claimant retained the RFC to perform less than a full range of light work. In so doing, he found Claimant could lift and/or carry 20 pounds occasionally and ten pounds frequently, could stand and/or walk about six hours in an eight hour workday, and could sit for about six hours in an eight hour workday. Claimant could do no climbing of ladders or scaffolds and could not crawl. The ALJ found Claimant could only occasionally use his right dominant upper extremity. He could frequently use his left upper extremity. Claimant could have no overhead use of the upper extremities. (Tr. 20).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of furniture rental clerk, conveyer line bakery worker, and parking lot attendant, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 29). As a result, the ALJ found Claimant was not disabled from November 15, 2009 through the date of the decision. Id.

Claimant first contends the ALJ should have determined that his impairments met or equaled a listing at step three. At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Claimant specifically asserts he meets the requirements for Listing 1.04A, which provides in pertinent part:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

20 C.F.R. Pt. 404, Subpt. P, App. 1.

The ALJ recognized that Claimant's representative argued that the medical evidence indicated Claimant met or equaled the requirements of Listing 1.04A but concluded Claimant failed to meet Listing 1.04, in toto, because

> there is no evidence of nerve root compression characterized by motor loss (atrophy with associate muscle weakness or muscle weakness), spinal

>     arachnoiditis, or lumbar spinal stenosis resulting in
>     inability to ambulate effectively, nor is there
>     indication of inability to perform fine and gross
>     movements effectively. Thus, he does not meet or equal
>     listing 1.04.

(Tr. 19).

Initially, this Court agrees with Claimant that, unlike Listing 1.04C, Listing 1.04A does not expressly require that he demonstrate an inability to effectively ambulate or an inability to perform fine and gross movements effectively in order to meet or equal this subsection of Listing 1.04. *See* Castillo v. Colvin, 2016 WL 8670058, *12 (D. Kans.). The medical evidence indicates Claimant suffered from a severe right C4-C5 foraminal compromise and foraminal narrowing at C5-C6. (Tr. 294). Foraminal narrowing can cause nerve root compression. *See* http://www.spinaldisorders.com/foraminal-narrowing.htm. Claimant was also found to have right upper extremity pain, weakness in grip strength, and problems with the use of his right hand. (Tr. 269-70). Claimant also had a positive straight leg raising test. (Tr. 286). Based upon this evaluation of the evidence and the erroneous position taken by the ALJ that ambulation must be affected under Listing 1.04A, the ALJ should reassess his findings at step three on remand with regard to Claimant's back condition and whether it meets or equals Listing 1.04A.

**Substantial Evidence Support and Consideration of the Opinions of Claimant's Treating Physicians**

Claimant also contends the ALJ misinterpreted the MRIs which were ordered by his treating physicians. In doing so, the ALJ rejected the opinions of his treating physicians, Dr. Kris Parchuri and Dr. Larry D. Lewis. (Tr. 24). As noted in the step three analysis above, the ALJ failed to recognize that Claimant's foraminal narrowing could result in nerve root compression.

Additionally, Dr. Lewis authored a medical source statement setting forth considerable limitations for Claimant including reduced range of motion in the lumbar spine, positive seated straight leg raising, sensory loss, abnormal gait, tenderness, muscle spasms and weakness, impaired sleeping and chronic fatigue, and reduced grip strength. He also found Claimant could not sit for longer than ten minutes at a time and less than two hours in an eight hour workday. He also determined Claimant could not stand/walk for longer than five minutes at a time and less than two hours in an eight hour workday. He also must alternate sitting and standing at will. Dr. Lewis found Claimant needed to take unscheduled breaks. He could rarely lift less than ten pounds and never twist, stoop, crouch/squat, climb ladders, or stairs. He found Claimant would likely be off task 25% or more of the day and would likely be absent from work more than four days per month.

(Tr. 430-34).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight."  Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's general rejection of Drs. Parchuri's and Lewis' opinions based upon an erroneous interpretation of the medical evidence is not supported by substantial evidence.  On remand, the ALJ shall re-evaluate these opinions based upon the medical evidence of record.

### Credibility Determination

The ALJ also rejected Claimant's statements of pain based upon a lack of support in the medical record.  Since the medical record has been interpreted erroneously, the ALJ shall reassess Claimant's

credibility with regard to his ability to engage in basic work activities in light of the limitations posed by the medical record.

Additionally, since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

review of this decision by the District Court based on such findings.

DATED this 24th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE